## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INS. CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2322-CM** |
| | ) | |
| **STERLING FINANCIAL, INC. and** | ) | |
| **TAMARA L. BURRIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Philadelphia Indemnity Insurance Co. is the liability insurer of defendant Sterling Financial, Inc. ("Sterling"). Plaintiff brought the present declaratory action seeking a judicial determination of its rights and obligations to defend and indemnify defendant Sterling in connection with a personal injury suit filed against defendant Sterling by defendant Tamara L. Burris in Arizona. In her personal injury suit, defendant Burris alleged that she sustained injuries in a collision in Arizona between her vehicle and a car hauler owned by defendant Sterling. Plaintiff brought the present action against defendant Burris in order to bind her to the same judicial determination of rights and obligations as defendant Sterling.

This case is before the court on defendant Burris's motion to dismiss for lack of personal jurisdiction. (Doc. 8). The court grants defendant Burris's motion to dismiss for the reasons set forth below.

**A.  Standard for Ruling on a Motion to Dismiss for Lack of Personal Jurisdiction**

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).  A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.  *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper.  *Basso*, 495 F.2d at 909.  When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed.  *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

If the motion to dismiss is submitted prior to trial on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing to avoid dismissal for lack of personal jurisdiction.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).  Although the plaintiff will be required to prove the factual basis for jurisdiction by a preponderance of the evidence at trial, on a pretrial motion to dismiss, all factual disputes are resolved in favor of the plaintiff.  *Id*. If the plaintiff makes the required prima facie showing that personal jurisdiction exists, "a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

In determining whether it has personal jurisdiction over a non-resident defendant, the court must apply a two-part test involving analysis under both the Kansas long-arm statute, Kan. Stat. Ann.

-2-

§ 60-308 (1994), and the Federal Constitution's Due Process Clause.  *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994).

Under the Kansas long-arm statute, a non-resident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "[t]ransaction of any business" within Kansas.  Kan. Stat. Ann. § 60-308(b).  Jurisdiction under 60-308(b)(1) requires a "nexus between the transaction of business and the alleged claim."  *Kluin v. Am. Suzuki Motor Corp.*, 56 P.3d 829, 835 (Kan. 2002).  "Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires.  The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state.  *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987).

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process.  *Federated Rural Elec.*, 17 F.3d at 1305 (citing *Volt*, 740 P.2d at 1092).  Under the due process analysis, the "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state."  *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The plaintiff can establish that the defendant has sufficient "minimum contacts" with the forum state in two ways.  General jurisdiction exists when a defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state.  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).  Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and

protections of its laws, and the claims against him arise out of those contacts.  *Kuenzle*, 102 F.3d at 455.

The purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction

solely as a result of the unilateral activity of another party.  *Burger King*, 471 U.S. at 475.

Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant

where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities.  To

determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has

such minimum contacts within the forum state "that he should reasonably anticipate being haled into court

there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Second, the court

must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and

substantial justice."  *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102,

113  (1987).  This inquiry requires a determination of whether a district court's exercise of personal

jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances

surrounding the case.  *Id*.

**B.  Analysis**

Plaintiff argues that defendant Burris is subject to the Kansas Long Arm Statute because she

entered into a business transaction in the state of Kansas when she caused defendant Sterling to be served

with process in Kansas under authority of the Arizona Long Arm Statute.  Plaintiff argues that defendant

Burris's action satisfies the minimum contacts requirement, because she directed her litigation activities at a

Kansas resident.  Plaintiff argues that the court has specific jurisdiction over defendant Burris because the

present action arises from a personal injury suit which defendant Burris filed against defendant Sterling.  In

addition, plaintiff argues that exercising personal jurisdiction over defendant Burris would not offend notions

of fair play and substantial justice because if defendant Burris is not a party in the present action, this may cause multiple lawsuits on the same issue or inconsistent judgments in different courts. Plaintiff argues that Kansas is the most appropriate and convenient forum to resolve plaintiff's obligations. Plaintiff adds that since defendant Burris was able to secure local counsel, it would not offend traditional notions of fair play and substantial justice for the court to exercise personal jurisdiction over her.

Defendant Burris argues that the court may not exercise personal jurisdiction over her under K.S.A. 60-308(b) because she has not engaged in any activity that would subject her to jurisdiction under it. Defendant Burris argues that serving defendant Sterling with process in the state of Kansas for an Arizona proceeding does not constitute purposeful availment of the privilege of conducting activities within Kansas. And defendant Burris argues she has not established minimum contacts with Kansas which would make personal jurisdiction reasonable and fair under the circumstances. According to defendant Burris, she did not have a reasonable expectation of being haled into court and being in court here would cause her hardship. Defendant Burris also argues that her ability to secure an attorney in Kansas to respond to the action has no bearing on whether or not the court's exercise of personal jurisdiction would comply with due process.

The court concludes that plaintiff has not met its burden of making a prima facie showing that defendant Burris is subject to the jurisdiction of this court. The facts in this case are undisputed. Both plaintiff and defendant Burris agree that defendant Burris caused a lawsuit to be filed against defendant Sterling in Arizona. But defendant Burris was unable to obtain service of process on defendant Sterling in Arizona. Subsequently, defendant Burris's attorney caused defendant Sterling's registered agent in Kansas to be served with process in Kansas, pursuant to Arizona's Long Arm Statute. Defendant Burris has never

been in Kansas.  No other connections to Kansas have been alleged, except for the fact that she hired local counsel to defend her in the present action.

Plaintiff has not cited any authority to support the proposition that obtaining service of process in Kansas pursuant to long arm jurisdiction under the Arizona Long Arm Statute constitutes the transaction of business in Kansas, and the court has not found any authority after conducting its own search.  Moreover, the present action does not arise from the contact in a way which would allow the court to exercise specific jurisdiction over defendant Burris.  Defendant Burris, through her agent, entered into a business transaction with a process server in Missouri, who consummated the transaction in Kansas.  There is no connection between defendant Burris's agreement with a process server to serve process in Kansas and plaintiff's action seeking a declaratory judgment concerning its agreement with defendant Sterling.  *See Kluin,* 56 P.3d at 835 (holding that jurisdiction under 60-308(b)(1) requires a "nexus between the transaction of business and the alleged claim.").

Furthermore, even  if defendant Burris's contact fell within the scope of the Kansas Long Arm Statute, that contact alone is insufficient to support due process.  Defendant Burris could not reasonably anticipate being "haled into court" in Kansas.  *See World-Wide Volkswagen Corp.*, 444 U.S. at 297 (holding that the defendant must have such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there").  In light of the nature of the contact at issue here, it would be unreasonable and it would offend "traditional notions of fair play and substantial justice" to require defendant Burris to appear in this forum.  *See Asahi Metal Indus. Co.*, 480 U.S. at 113 (holding that the court must decline to exercise personal jurisdiction if it offends "traditional notions of fair play and substantial justice.").

**IT IS THEREFORE ORDERED** that defendant Burris's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 8) is granted.

Dated this _8th_ day of March 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
